# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

     v.            DECLARATION

                     S2 13 Cr.645 (SAS)

DINO BOUTERSE, et al.,

     Defendants.
-----------------------------------------------------------x

    DINO BOUTERSE declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, as follows:

1.  I am one of the defendants in the above-referenced criminal case.

2.  I am submitting this declaration in support of my motion to suppress certain statements attributed to me by law enforcement.

3.  I am 41 years old and a citizen and life long resident of Suriname.

4.  On August 28, 2013 I arrived alone by air and legally entered the Republic of Panama from my native country the Republic of Suriname via Aruba. The next day, August 29, 2013, while exiting a restaurant I was accosted by armed Panamanian law enforcement officers who arrived hastily in three or more vehicles. I was ordered to the ground, handcuffed and placed in one of the vehicles against my will.

5.  I was driven to a law enforcement building where I was placed in a locked room. I was not told the reason for my detention despite asking repeatedly for an explanation.

6.  I was kept in detention for approximately six hours until late afternoon during which time I was leg shackled and handcuffed. At least three armed guards remained with me in the room the entire time. Later I was placed in a vehicle with two armed officers in front and two more armed officers in the rear where I was seated. There were two other vehicles

containing armed officers. I was not told where I was being taken or why.

7. After a drive, the vehicle arrived at a hangar at an airport guarded by uniformed military. I was removed from the vehicle still shackled and handcuffed. Inside the hangar a woman behind a desk who spoke only Spanish produced a document written in Spanish. I was told in English by one of the officers that the document was signed by the President of Panama and that it authorized my removal from that country. The document was not translated into English or Dutch, my native language. My knowledge of Spanish is minimal.

8. I was asked to sign a document. I did not know what it purported to be but I felt that I had no choice but to sign the document as I was surrounded by armed men and in custody.

9. I was then addressed by an American who identified himself as a United States federal agent and told me that I would be placed on a plane and flown to New York. The agent did not tell me the reason for my detention or why I was being taken to the United States. Nor was I permitted to make any telephone calls or otherwise notify anyone of my detention and circumstances.

10. Once on the plane my leg shackles were removed but I remained handcuffed. There were approximately five United States agents on board. I was placed in a seat while agents sat across and beside me.

11. After take-off one of the agents produced a document written in English and he read to me from it. The agent verbally told me to initial the spaces next to certain rights. I refused to initial the form as asked but did sign my name on a place on the form. At the time I signed the document I still did not know the reason for my detention and the purpose of my being taken to the United States

12. During the interrogation I was told about drug charges and threatened that unless

I talked I would be facing terrorism charges in New York. I then responded to the questions posed by the agents feeling that I had to respond to my captors' questions.

13. I am not a citizen of the United States. I am neither experienced nor familiar with the rights and privileges of an accused under American law. I do know that I was taken against my will to the United States without the benefit of counsel, the advice of my consulate, or formal extradition proceedings.

Dated: New York, New York
March 27, 2014

Dino Bouterse