E8TTBOUP                    Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                           13 CR 635 (SAS)

5    DINO BOUTERSE,

6                  Defendant.

7    ------------------------------x

8                                          New York, N.Y.
                                           August 29, 2014
9                                          11:30 a.m.

10
     Before:
11
                        HON. SHIRA A. SCHEINDLIN,
12
                                           District Judge
13

14                          APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     MICHAEL LOCKARD
17   MICHAEL FERRARA
     ADAM FEE
18        Assistant United States Attorneys

19   RICHARD ROSENBERG
     JOSE MARIA ARRUFAT GARCIA
20   MICHAEL HUESTON
     FLORIAN MIEDEL
21        Attorneys for Defendant

22   ALSO PRESENT:  BERNARD GROENEVELD, Dutch interpreter

23

24

25

1         (In open court, appearances noted)

2         MR. ROSENBERG:  Your Honor, as we did the last

3    occasion, the interpreter is here on a stand-by basis in the

4    event that Mr. Bouterse feels that he needs assistance.

5         THE COURT:  Okay.  Is there a copy of the plea

6    agreement that I could see?

7         MR. LOCKARD:  Here's an unsigned copy.

8         THE COURT:  That's okay, I want to see what it says.

9         How many counts are there in this indictment?

10        MR. LOCKARD:  Three counts.

11        THE COURT:  It's the whole indictment.

12        MR. LOCKARD:  With a lesser included offense of Count

13   Three, but three counts.

14        THE COURT:  Let me jump ahead and point me to the

15   lesser include offense.

16        MR. LOCKARD:  Here's the fully executed copy.

17        Count Three of the indictment charges the use and

18   carrying of a destructive device in furtherance of the

19   narcotics offense.  Mr. Bouterse is going to plead to using and

20   possessing a firearm in furtherance of.

21        THE COURT:  Firearm as opposed to the light antitank

22   weapon?

23        MR. LOCKARD:  Yes.

24        THE COURT:  Does that have a different penalty?

25        MR. LOCKARD:  It has a different statutory mandatory

E8TTBOUP                    Plea

1    minimum, which is five years instead of 30 years.

2             THE COURT:  Instead of?

3             MR. LOCKARD:  30.

4             THE COURT:  Is it also a consecutive five?

5             MR. LOCKARD:  It's also consecutive.

6             THE COURT:  You didn't deliver this to me in advance,

7    did you, Mr. Lockard?

8             MR. LOCKARD:  We emailed a copy this morning, but not

9    earlier than that.

10            THE COURT:  This is fairly complicated reading, so

11   forgive the silence for a minute.

12            How do you reach the mandatory minimum of 180 months?

13            MR. LOCKARD:  The 180 months is based on the ten-year

14   mandatory minimum for the narcotics conspiracy, plus the five

15   years for the firearms offense, which is 120 months plus 60

16   months.

17            THE COURT:  Whatever it is, it can't be less than

18   that.

19            MR. LOCKARD:  Correct.

20            THE COURT:  And the maximum I assume would be life,

21   no?

22            MR. LOCKARD:  And the maximum is life.

23            THE COURT:  Let me jump ahead with one last question.

24   There's big issues left open to be resolved at the time of

25   sentencing.  Do you think that would require a Fatico hearing

1    or some evidentiary hearing to see whether this terrorism

2    enhancement is going to play?  This is a very big enhancement,

3    twelve levels, criminal history category six.  How would I do

4    that without evidence?

5              MR. LOCKARD:  Based on our discussions with defense

6    counsel, we do not expect there would need to be an evidentiary

7    hearing.  We expect that we are going to have an agreement on

8    basically the recordings of meetings and discussions and the

9    transcripts of those meetings and discussions, and defense is

10   going to argue based on that evidence.

11             THE COURT:  So you won't offer any evidence other than

12   those transcripts?

13             MR. LOCKARD:  We don't expect to.

14             THE COURT:  So the determination will be based solely

15   on the transcript.

16             MR. ROSENBERG:  If I may, your Honor, not necessarily.

17   We are still free to submit, I assume, any material that we

18   feel relevant to this issue, but we are not challenging the

19   accuracy of the transcripts.

20             THE COURT:  But when you say "to this issue," you

21   would not expect live testimony, you would just be thinking of

22   what?

23             MR. ROSENBERG:  Well --

24             THE COURT:  If it is live testimony, that's fine, but

25   that's called a hearing.

1          MR. ROSENBERG:  There may be some live testimony, but

2     what I think Mr. Lockard is referring to is we're not

3     challenging the accuracy of the transcript.

4          THE COURT:  I started asking if there might be a need

5     for an evidentiary hearing, and the answer is there might be a

6     need for a evidentiary hearing from the perspective of the

7     defense.  The government doesn't expect to call any live

8     witnesses, but suspect if you do, they have the right to

9     rethink that decision.  You understand that.

10          MR. ROSENBERG:  We do.

11          THE COURT:  We'll see.  Mr. Rosenberg, are you taking

12     the lead at these proceedings?

13          MR. ROSENBERG:  Yes, your Honor.

14          THE COURT:  So you have an application?

15          MR. ROSENBERG:  We do, your Honor.  At this time,

16     after consultation with our client, at this time we have

17     reached a plea agreement with the government that has been

18     executed by our client.  Pursuant to that agreement, my client

19     is prepared today to withdraw his previously entered pleas of

20     not guilty and to enter guilty pleas to Count One, Count Two,

21     and the lesser included count, as your Honor has noted, to

22     Count Three.

23          THE COURT:  All right.  Mr. Bouterse, before accepting

24     your guilty plea, there are a number of questions I must ask

25     you to assure that the plea is valid.  If you do not understand

E8TTBOUP                    Plea

1    any of my questions, please say so, and either I or one of your

2    attorneys will explain the question to you more fully.  Do you

3    understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  So at this time will you place the

6    defendant under oath.

7              (Defendant sworn)

8              THE COURT:  Mr. Bouterse, do you understand that you

9    are now under oath, and if you answer any of my questions

10   falsely, any false or untrue answers could be used against you

11   in a separate prosecution for perjury or for making a false

12   statement.  Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Mr. Bouterse, what is your full name?

15   State your full name.

16             THE DEFENDANT:  Dino Delano Bouterse.

17             THE COURT:  How old are you?

18             THE DEFENDANT:  41.

19             THE COURT:  How far did you go in school?

20             THE DEFENDANT:  I graduated high school.

21             THE COURT:  That's it, just high school, no college?

22             THE DEFENDANT:  No, just high school, ma'am.

23             THE COURT:  Where did you go to high school?

24             THE DEFENDANT:  In Surinam.

25             THE COURT:  What is your native language?

E8TTBOUP                    Plea

1              THE DEFENDANT:  Dutch.

2              THE COURT:  And are you also able to speak and

3     understand English?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Have you had any difficulty communicating

6     with your attorneys?

7              THE DEFENDANT:  No, your Honor.

8              THE COURT:  You speak with them in English?

9              THE DEFENDANT:  Yes, I do.

10             THE COURT:  Do you sometimes speak with them without

11    an interpreter?

12             THE DEFENDANT:  That's correct.

13             THE COURT:  Are you now or have you recently been

14    under the care of any doctor or any psychiatrist?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  Have you ever been hospitalized or treated

17    for any mental illness or any type of addiction, including drug

18    or alcohol addiction?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  In the past 24 hours have you taken any

21    drugs, any medicine, any pills, or had any alcohol?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Is your mind clear today?

24             THE DEFENDANT:  Very clear.

25             THE COURT:  Are you feeling okay today?

E8TTBOUP                    Plea

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Now you heard your attorney,

3    Mr. Rosenberg, say you wish to enter a plea of guilty.  Is that

4    your desire?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  And Mr. Rosenberg, have you discussed this

7    matter with your client?

8          MR. ROSENBERG:  Yes, your Honor.

9          THE COURT:  Have you had any difficulty communicating

10   with your client?

11         MR. ROSENBERG:  None whatsoever.

12         THE COURT:  Does he understand the rights he will be

13   waiving by pleading guilty?

14         MR. ROSENBERG:  He does.

15         THE COURT:  In your view, is he capable of

16   understanding the nature of these proceedings?

17         MR. ROSENBERG:  Yes.

18         THE COURT:  Do you have any doubt as to the

19   defendant's competence to plead at this time?

20         MR. ROSENBERG:  No, your Honor.

21         THE COURT:  Have you advised him of the maximum

22   sentence and fine that can be imposed and have you discussed

23   with him the operation of the sentencing guidelines?

24         MR. ROSENBERG:  Indeed we have, your Honor.

25         THE COURT:  All right.  Mr. Bouterse, have you had a

1   full opportunity to discuss your case with your attorney and to

2   discuss the consequences of entering a plea of guilty?

3           THE DEFENDANT:  Yes, your Honor, we did.

4           THE COURT:  Are you satisfied with your attorneys and

5   their representation of you?

6           THE DEFENDANT:  So far I do.

7           THE COURT:  Do you have any doubt about your

8   satisfaction with your attorneys' representation?

9           THE DEFENDANT:  No, your Honor.

10          THE COURT:  On the basis of Mr. Bouterse's responses

11  to my questions, the responses of his attorney and my

12  observations of his demeanor, I find that Mr. Bouterse is fully

13  competent to enter an informed plea at this time.

14          Now before I accept your plea, Mr. Bouterse, I'm going

15  to ask you certain questions.  My questions are intended to

16  satisfy me that you wish to plead guilty because you are guilty

17  and that you fully understand the consequences of the plea.

18          Now this plea is being entered pursuant to a plea

19  agreement which you just signed and which I will mark as Court

20  Exhibit 1.  And I presume that you believe there is a benefit

21  to you in entering into this plea of guilty and this plea

22  agreement, but whatever benefit you believe exists is not the

23  reason to plead guilty, you should plead guilty only if you are

24  guilty and for no other reason.  Do you understand that?

25          THE DEFENDANT:  Yes, your Honor.

E8TTBOUP                        Plea

1          THE COURT:  So now I'm going to describe to you

2    certain rights that you have under the Constitution and the

3    laws of the United States, which rights you will be giving up

4    if you enter into this plea of guilty.  So the first and most

5    important thing you must understand is that you do not have to

6    plead guilty even if you're guilty.  Under the Constitution and

7    laws of the United States, you have a right to a speedy and

8    public trial by a jury on the charges against you which are

9    contained in this indictment.  Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  If there were a trial, you would be

12    presumed innocent, and the government would be required to

13    prove you guilty by competent evidence and beyond a reasonable

14    doubt.  You would not have to prove that you were innocent at a

15    trial.  The government would have to prove each and every part

16    or element of the charge beyond a reasonable doubt.  If the

17    government were to fail to prove your guilt beyond a reasonable

18    doubt, then the jury would have the duty to find you not

19    guilty.  Do you understand this?

20          THE DEFENDANT:  Yes, your Honor, I do.

21          THE COURT:  By pleading guilty, you are relieving the

22    government of the burden of proving that you are guilty, and

23    you are admitting your guilt.  Do you understand that?

24          THE DEFENDANT:  Yes, I do.

25          THE COURT:  If there were a trial, a jury composed of

E8TTBOUP                      Plea

1    twelve people selected from this district would have to agree

2    unanimously that you were guilty.  Do you understand this?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  If there were a trial, you would have a

5    right to be represented by an attorney, and if you could not

6    afford one, an attorney would be provided to you free of cost.

7    Do you understand this?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  If there were a trial, you would have a

10   right to see and hear all of the witnesses against you, and

11   your attorney could cross-examine them.  You would have a right

12   to have your attorney object to the government's evidence and

13   to offer evidence on your behalf if you so desired, and you

14   would have the right to have subpoenas issued or other

15   compulsory process used to compel witnesses to testify in your

16   defense case.  Do you understand this?

17             THE DEFENDANT:  I do, your Honor.

18             THE COURT:  If there were a trial, you would have the

19   right to testify if you wanted to testify, but no one could

20   force you to testify if you did not want to.  Further, no

21   inference or suggestion of guilt could be drawn if you chose

22   not to testify at a trial.  Do you understand this?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  So do you understand each and every one of

25   the rights I just described?

E8TTBOUP                          Plea

1              THE DEFENDANT:  Yes, your Honor, I do.

2              THE COURT:  Do you have any questions about any of

3      these rights?

4              THE DEFENDANT:  No, your Honor.

5              THE COURT:  If you plead guilty and I accept your

6      plea, you will be giving up your constitutional right to a

7      trial and the other rights I have just discussed.  I will

8      simply enter a judgment of guilty on the basis of your guilty

9      plea.  Do you understand this?

10              THE DEFENDANT:  I understand it, your Honor.

11              THE COURT:  Are you willing to give up your right to a

12      trial and the other rights I have just discussed?

13              THE DEFENDANT:  I do.

14              THE COURT:  Now have you received a copy of the

15      indictment in this case?

16              THE DEFENDANT:  Yes, your Honor, I have.

17              THE COURT:  Have you read it?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  Have you discussed it with your attorneys?

20              THE DEFENDANT:  Yes, your Honor.

21              THE COURT:  Do you understand that Count One of this

22      indictment charges you with attempting to provide material

23      support to a foreign terrorist organization from December 2011

24      up to August 2013?  Do you understand that charge?

25              THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  And that charge carries a maximum term of

2    15 years in prison.  Do you understand that?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  And a maximum term of supervised release

5    for life.  You understand that?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  And a maximum fine of the greater of

8    $250,000 or twice any gain that you received from the offense

9    or twice the loss to other persons that you caused.  That's the

10   financial penalty.  Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  And also a $100 special assessment that I

13   have to impose on Count One.  Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Now Count Two of this indictment charges

16   you with conspiring to import five kilograms or more of cocaine

17   into the United States from about December 2011 up to

18   August 2013.  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  And do you know that that charge carries a

21   maximum term of life in prison?  That's the most that one could

22   give, obviously, is life.  Do you understand that?

23          THE DEFENDANT:  I do, your Honor.

24          THE COURT:  But it also has what is called a mandatory

25   minimum, and that mandatory minimum is ten years, which means a

E8TTBOUP                              Plea

1    judge must give at least ten years on Count Two, can't give

2    less.  Do you know that?

3                THE DEFENDANT:  Yes, your Honor, I do.

4                THE COURT:  And also requires a maximum term of

5    supervised release for life, which also Count One had that.

6    You understand that, right?

7                THE DEFENDANT:  Yes, your Honor.

8                THE COURT:  And here there's a mandatory minimum

9    period of supervised release, which is five years, so a judge

10   must give at least five years of supervised release after the

11   ten years in jail.  Do you understand that?

12               THE DEFENDANT:  Yes, your Honor.

13               THE COURT:  And the maximum fine here is $10 million.

14   That's the most a judge can give is a $10 million fine.  Do you

15   understand that?

16               THE DEFENDANT:  Yes, your Honor, I do.

17               THE COURT:  And a $100 special assessment which the

18   Court must give.  You understand that?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  Now Count Three of this indictment charges

21   you with using and carrying or aiding and abetting -- that

22   means assisting someone else -- aiding and abetting the use and

23   carrying of a firearm during and in relation to the drug

24   trafficking crime that was charged in Count Two.  Do you

25   understand that's the third count?

E8TTBOUP                      Plea

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  So in this indictment it says that you

3    aided and abetted or used and carried a light antitank weapon

4    during and in relation to the drug trafficking crime.  But

5    under the terms of your plea agreement, there's something

6    called a lesser included offense, which says that you used and

7    carried a firearm as opposed to that light antitank weapon -- a

8    firearm, a gun -- in relation to the drug trafficking crime.

9    Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  So the charge is of the light antitank

12   weapon, but the lesser included offense is the firearm, all in

13   relation to the drug trafficking crime Count Two.  Do you

14   understand that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Now with respect to this lesser included

17   offense, I was told before that it carries a mandatory minimum

18   consecutive term of five years in jail.  So any judge must give

19   five years in jail consecutive to the ten years in jail.  So

20   ten plus five.  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor, I do.

22          THE COURT:  I don't see why I have to explain the

23   mandatories on Count Three -- do you, Mr. Lockard -- if it were

24   the indictment charged and not the lesser included, because

25   he's not going to plead to that.

1          MR. LOCKARD:  I think that the same mandatory maximums

2    and minimums are applicable to the charge that he is pleading

3    to, if he acknowledges awareness of those.

4          THE COURT:  Same maximum?

5          MR. LOCKARD:  Those are set out --

6          THE COURT:  I thought someone told me before about 30

7    years.

8          MR. LOCKARD:  Correct, I don't think that he needs to

9    be advised of the destructive device.

10          THE COURT:  That's what I was asking.  Very good.

11          So the total maximum term of imprisonment for Counts

12    One, Two and Three, the most anybody could give, any judge

13    could give is life in prison as the most, but any judge has to

14    give the mandatory minimum of 15 years, which is the ten plus

15    the five.  Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now I used the term "supervised release" a

18    moment ago.  I want to make sure you know what that term means.

19    Supervised release means that when you are released you will be

20    subject to monitoring under certain terms and conditions.  If

21    you violate the terms and conditions, that could mean that you

22    could be sent back to prison without a jury trial if you

23    violate the terms of the release.  Do you understand that?

24          THE DEFENDANT:  Yes, your Honor, I do.

25          THE COURT:  Now you do understand that because you're

E8TTBOUP                          Plea

1    pleading to three different counts, you will be separately

2    sentenced on each count.  You understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  And the sentences could be concurrent or

5    could be consecutive, except I have to make them consecutive, I

6    already explained you, for Count Two and Three, the ten years

7    plus the five years, but any other part could be concurrent or

8    consecutive.  Do you understand that?

9              THE DEFENDANT:  Yes, your Honor, I do.

10             THE COURT:  Mr. Rosenberg, I assume your client is not

11   now serving any state or federal sentence, correct?

12             MR. ROSENBERG:  That's correct, he's not.

13             THE COURT:  However, he is subject to deportation at

14   the end of all this, is that true?

15             MR. ROSENBERG:  He's not a citizen, your Honor, so he

16   would be subject to removal.

17             THE COURT:  So you understand when this sentence is

18   completed someday that you are subject to removal proceedings,

19   that is, to be deported from the United States.  Do you

20   understand that?

21             THE DEFENDANT:  Yes, your Honor, I do.

22             THE COURT:  So you understand that under the current

23   law there are sentencing guidelines that the judges must

24   consider in reaching their sentence.  You understand the

25   sentencing guidelines?

E8TTBOUP                        Plea

1          THE DEFENDANT:  Yes, I understand.

2          THE COURT:  Your attorneys have gone over those

3     guidelines with you?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And I will do that, too.  It's a very

6     complicated plea agreement.  They're all set forth in the plea

7     agreement, but I will go over that.  But the bottom line is the

8     way the guidelines work is that there's one part of the

9     guidelines that talks about criminal history, which means prior

10    criminal convictions.  You don't have any, so one would think

11    you would fall in the lowest criminal history category, number

12    one.  But here you might fall in the highest criminal history,

13    category six, if this terrorist enhancement applies.  Do you

14    understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  So I can't calculate now whether it's one

17    or six.

18         Then the other part of the guidelines is the

19    characteristics of the criminal activity related to these three

20    crimes, and I will go over that.  It's a grid, you take the

21    history and you take the characteristics of the crime, so you

22    put it together and you get a guideline range.  That's how the

23    guidelines work.  Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  But they're not binding on the Court, it's

E8TTBOUP                         Plea

1     something the Court has to consider, but the Court is not bound

2     by the guidelines.  Do you understand that?

3               THE DEFENDANT:  Yes, your Honor.

4               THE COURT:  So I can't determine your guideline

5     sentence now until after there's a presentence report that has

6     been prepared by the probation department, and both you and the

7     government have had a chance to challenge any of the facts

8     reported by the probation department and its officers, and as

9     you heard earlier, there may even need to be evidence that the

10    Court considers to determine the final guidelines.  Do you

11    understand that?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  Now do you understand that if your

14    attorney or anyone else attempted to estimate or predict what

15    your sentence will be, their estimate or prediction could be

16    wrong.  Do you understand that?

17              THE DEFENDANT:  Yes, your Honor, I do.

18              THE COURT:  Do you also fully understand that even if

19    your sentence is different from what your attorney on anyone

20    else told you it might be, or if it is different from what you

21    expect, you will still be bound to your guilty plea and you

22    will not be allowed to withdraw your plea of guilty.  Do you

23    understand that?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Now let's talk about this plea agreement,

E8TTBOUP                        Plea

1    which I marked as Court Exhibit 1.  Did you go over this

2    agreement with your lawyers?

3              THE DEFENDANT:  Yes, we did.

4              THE COURT:  And did you do that before you signed it?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Did you discuss it fully with your

7    lawyers?

8              THE DEFENDANT:  Yes, we did.

9              THE COURT:  And do you fully understand what is in

10   this agreement?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  It's pretty complicated.  Do you have any

13   questions about this agreement?

14             THE DEFENDANT:  No, your Honor, I do not.

15             THE COURT:  Does this agreement constitute your

16   complete and total understanding of the entire agreement

17   between the government and your attorneys and yourself?

18             THE DEFENDANT:  That's correct.

19             THE COURT:  Is everything you understand about your

20   plea and sentence contained in this agreement?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Has anything been left out?  Is there

23   anything missing that somebody agreed to?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  I'm sure you have gone over it so much you

E8TTBOUP                          Plea

1    probably understand it as well or better than I do, but I think

2    I should go over it any way.

3              So with respect to Count One, the base offense level

4    here is called 26, and because you abused a position of public

5    or private trust, there's two additional levels, so it would go

6    to 28.  But then there's no agreement as to whether there

7    should be an enhancement for providing material support with

8    the intent, knowledge, or reason to believe that it was being

9    used to commit or assist in the commission of a violent act.

10   If that were proved, then it would be two more levels, then it

11   would go up to 30, but if it's not proved, then it stays at 28.

12   You understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Then there's no agreement as to whether

15   another enhancement applies, this is called the terrorism

16   enhancement.  And the government says that because the offense

17   was a felony, that it involved or was intended to promote a

18   federal crime of terrorism, twelve more levels should be added,

19   which would take it up to 42 if the first enhancement applied.

20   But you say that the offense was not a felony, and you did not

21   intend to promote a federal crime of terrorism, so you don't

22   think you should get the 12 levels, but there's no agreement on

23   this.  Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  I could find the twelve levels apply or it

E8TTBOUP                         Plea

1    doesn't apply, and we don't know at this time.  Do you

2    understand that?

3             THE DEFENDANT:  Yes, I do.

4             THE COURT:  So that means with respect to Count One,

5    it can't be less than the offense level 28, which is the base

6    offense level of 26 and two levels for the abuse of position of

7    trust, that's the least it could be is 28, but it might be 30

8    if the two-level enhancement that I described to you applies,

9    or it might be 42 if both that and the terrorism enhancement

10   applies, or it might be 40 if only the terrorism enhancement

11   applies but not the violent part of that, the two levels, so it

12   could be 28, 40, or 42, but we don't know, it makes a big

13   difference in the guideline.  Do you understand that?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  With respect to Count Two, the base

16   offense level is 32 because the offense involved at least five

17   kilograms but less than 15 kilograms of cocaine.  So it starts

18   at 32, and then because you were a organizer, leader, manager

19   or supervisor of criminal activity -- you wrote did not involve

20   five or more participants or was otherwise extensive, I add two

21   levels.  So that takes it up to 34.  And then because you were

22   directly personally involved in the importation of these drugs,

23   another two levels are added, which takes it up to 36.  And

24   because you abused a position of public or private trust in a

25   manner that significantly facilitated this offense, another two

levels are added.  So with Count Two, it seems there's an

agreement that the offense level here is 38 for all those

reasons.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now we talked about Count Three already.

That's where you're pleading to what is called the lesser

included offense of using and carrying a firearm or aiding and

abetting the using and carrying of a firearm in relation to a

drug offense, and that is the one that has the consecutive five

years sentence.  You understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  So we say that's it, there's no real

guideline here, but it requires five years.  Then when you put

this all together, the offense level has to be 38 at the lowest

end, but then you would get three levels off for accepting

responsibility and pleading guilty, so the lowest the offense

level could be is 35.  But if all those enhancements apply that

we talked about earlier, then it could be as high as 44 when

you put it all together minus three for accepting

responsibility, so the highest it could be is 41.  Either you

will be at the lowest end of 35 or you'll be at 39 or you'll

be -- sorry, 35 or 36 or 39 or 41.  And I don't know which it

will be, but it makes a difference in calculating the

guidelines.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  With respect to criminal history, I

2    already mentioned that you fall now in criminal history

3    category one because you had no criminal history, but it could

4    jump all the way to six if the terrorism enhancement applies.

5    Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  So if you fall into the highest level,

8    which is offense level 41 and criminal history category six --

9    where is that calculation Mr. Lockard?

10          MR. LOCKARD:  That is under clause A.

11          THE COURT:  What page?

12          MR. LOCKARD:  Page 6.

13          THE COURT:  Page 6, clause A.  So if you fall at this

14    highest level of offense level 41, criminal history category

15    six, then the guideline range is 30 years to life, that would

16    be the guideline.  Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  30 years to life?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  And if it's in between, if it's that level

21    39 with criminal history category six, I assume, then it's 188

22    to 235 months in prison, and if it's the lowest one -- there

23    should have been four, I thought, but there's only three, why

24    is that?

25          MR. LOCKARD:  Because two of them end up in the same

E8TTBOUP                          Plea

1  place.

2          THE COURT:  The 39 and the 36?

3          MR. LOCKARD:  That's right.  If the terrorism

4  enhancement applies, it's 360 months to life.

5          THE COURT:  Got that.

6          MR. LOCKARD:  So there are the two enhancements that

7  have the carve out, and if the terrorism enhancement applies,

8  the two levels doesn't matter.

9          THE COURT:  Whether 41 or 39?

10          MR. LOCKARD:  That's correct.

11          THE COURT:  Whether the offense level is 41 or 39,

12  either one, the sentencing guideline would be 30 years to life.

13          You got that, Mr. Bouterse?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Now the middle one, if it's offense level

16  36, then the guideline is 188 to 235 months, and if it's the

17  lowest, which is 35, then it's 168 to 210 months, but that's

18  not really so because it has to be 180, so that last guideline

19  is really 180 to 210 months if none of those enhancements

20  apply.  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  So the fine here is between 25,000 and

23  250,000 -- if it's offense level 39 to 41, the fine would fall

24  between 25,000 and 250,000, but if it's level 36 or 35, in

25  other words if there's no terrorism enhancement, then the fine

E8TTBOUP                         Plea

1    is between 20,000 and $200,000.  Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  What did you want to correct?

4              MR. ROSENBERG:  It was in the third paragraph, I was

5    going to --

6              THE COURT:  Okay.  Just tell me what it says.  This is

7    the two-level variance?

8              MR. ROSENBERG:  Exactly.

9              THE COURT:  And the government is not going to oppose

10   that here?

11             MR. LOCKARD:  No, your Honor.

12             THE COURT:  So there's going to be a new law that

13   reduces the offense level in narcotics cases by two levels, and

14   the government is not going to oppose the use of that law.  So

15   if all the enhancements apply, it's still 30 years to life.

16   But if it's below that because the terrorism enhancement

17   doesn't apply, then the guidelines will be either 180 to 188

18   months or 180 months itself at the lowest, the 15 years, do you

19   understand that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  And your lawyers cannot seek any downward

22   departure from the guidelines, but they can argue for a

23   non-guidelines sentence.  Do you understand that?

24             THE DEFENDANT:  I do, your Honor.

25             THE COURT:  And of course they could oppose these

E8TTBOUP                          Plea

1    enhancements.

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  There are other promises that you made or

4    they made in this plea agreement, but I am not really able to

5    summarize them now.  You said you have gone over all this.  It

6    has to do with your right to appeal or challenge the sentence,

7    which I think you have waived if the sentence falls within the

8    ranges that I just discussed with you.  That's probably one of

9    the things that it says here, right, Mr. Lockard?

10             MR. LOCKARD:  That's correct, your Honor, any sentence

11   within the stipulated guidelines range of 188 months to life.

12             THE COURT:  Anywhere within that you have no right to

13   appeal that sentence, no right to challenge that sentence in a

14   collateral proceeding like a habeas petition.  Do you

15   understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  So that's pursuant to the plea agreement.

18   And you understand the Court is not bound by these guideline

19   calculations, but I am bound by the mandatory minimums that

20   you're going to plead to.  I'm bound to the 15 years no matter

21   what.  Do you understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And it says here that you understand that

24   you're likely to be deported.  You understand that, we already

25   covered that.

E8TTBOUP                         Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If this conviction is vacated for any

3    reason at all, then you have also agreed that a second

4    prosecution would not be time barred.  In other words, they

5    could proceed again if for some reason there was some legal

6    error here and the conviction was vacated, the government would

7    not be barred from continuing to bring the case.  Do you

8    understand that?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  All right.  I think I pretty much

11   summarized this plea agreement.

12         Now do you have any questions about this?  Anything in

13   the plea agreement?  Do you have any questions?

14         THE DEFENDANT:  No, your Honor.

15         THE COURT:  Mr. Lockard?

16         MR. LOCKARD:  Your Honor, I think the Court covered

17   with Mr. Bouterse the statutory penalties for Counts One and

18   Two, but there are also some supervised release and fine

19   penalties associated with Count Three that I think Mr. Bouterse

20   understands and are advised to him in this plea agreement,

21   including a maximum term of supervised release just with

22   respect to Count Three of five years, and a maximum fine,

23   similar to Count One, of the greatest of $250,000 or twice the

24   pecuniary gain derived from the offense or twice the pecuniary

25   loss to an individual other than the defendant, along with the

E8TTBOUP                    Plea

1    $100 mandatory special assessment.

2              THE COURT:  Good.  Thank you.

3              Now has anyone offered you any benefits or threatened

4    you or forced you to plead guilty or to enter into this plea

5    agreement?

6              THE DEFENDANT:  No, your Honor.

7              THE COURT:  Other than the promises outlined in the

8    plea agreement, has anyone made any other promises that have

9    caused you to plead guilty?

10             THE DEFENDANT:  No, your Honor.

11             THE COURT:  Has anyone made any promise to you as to

12   what your sentence will be?

13             THE DEFENDANT:  No, your Honor.

14             THE COURT:  All right.  Mr. Rosenberg, do you know of

15   any valid defense that would prevail at trial or do you know of

16   any reason why your client should not be permitted to plead

17   guilty?

18             MR. ROSENBERG:  Your Honor, it's on advice of counsel

19   that Mr. Bouterse proceed with the guilty plea.

20             THE COURT:  So the answer to my question to you is you

21   know of no valid defense that would prevail at trial and you

22   know of no reason why your client should not be permitted to

23   plead guilty.

24             MR. ROSENBERG:  Correct.

25             THE COURT:  Mr. Bouterse, are you ready to enter your

E8TTBOUP                          Plea

1  plea of guilty?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  So let's begin with Count One, which is

4  the attempt to provide material support to a foreign terrorist

5  organization from December 2011 through August 2013.  Can you

6  tell me what you did with respect to that count?

7          THE DEFENDANT:  In 2013 I knowingly provided --

8          THE COURT:  You'll have to go slower than that.  I

9  couldn't understand you.  So read more slowly.

10          THE DEFENDANT:  In 2013 I knowingly provided false

11  Surinamese passport to a person I believe to be associated

12  with --

13          THE COURT:  I didn't hear the next word, a person you

14  believed to be associated with?

15          THE DEFENDANT:  -- Hezbollah, an organization I knew

16  was designated to be a terrorist organization by the United

17  States.

18          THE COURT:  Could I have that read back?

19          (Record read)

20          MR. HUESTON:  Organization is in there twice, it only

21  needs to be in there once, your Honor.  I think with the first

22  reference, organization should be removed, and it's --

23          MR. ROSENBERG:  Why don't we do it again.

24          THE COURT:  That's fine, okay.

25          THE DEFENDANT:  In 2013 I knowingly provided a false

E8TTBOUP                        Plea

Surinamese passport to a person I believe to be associated with

Hezbollah, an organization I knew was designated to be a

terrorist organization by the United States.

          THE COURT:  All right.  Is that the full allocution on

Count One?

          MR. ROSENBERG:  Yes, your Honor.

          THE COURT:  Is the government satisfied with that

allocution to Count One?

          MR. LOCKARD:  If I could have just one moment, your

Honor?

          THE COURT:  Yes, certainly.

          (Pause)

          MR. LOCKARD:  Thank you, your Honor.  There's one

additional question that, with the Court's permission, we would

like to pose to the defendant, which is whether, when the

defendant provided the passport, he understood that it was to

be used in support of Hezbollah.

          THE COURT:  I'm not sure I understand the question.

To be used in support of Hezbollah, what does that mean?

          MR. LOCKARD:  The defendant allocuted that he provided

a false passport to a person that he thought was associated

with Hezbollah, and the follow-up question would be, when he

did that, did he understand or believe that the passport would

be used in support of the terrorist organization.

          THE COURT:  Did you believe that the passport would be

E8TTBOUP                          Plea

1   used in support of I guess activities conducted by the

2   Hezbollah organization?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Yes, you did believe that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  At the time you provided that passport?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Okay.  Let's turn to Count Two, which

9   charges you with conspiring to import five kilograms and more

10  than five kilograms of cocaine into the United States from

11  December 2011 up to and including August of 2013.  Would you

12  tell me what you did that makes you say you're guilty of Count

13  Two.

14         THE DEFENDANT:  Your Honor, in July 2013 I agreed with

15  others to import a quantity of cocaine from a place outside of

16  the United States, namely Surinam and Trinidad, to further and

17  New York City.  I knew the shipment was more than five

18  kilograms of cocaine, and I knew this to be against the laws of

19  the United States.

20         THE COURT:  The only thing I missed there, did you say

21  from Surinam and something else?

22         MR. ROSENBERG:  And Trinidad.

23         THE COURT:  Surinam and Trinidad.

24         Is the government satisfied with the allocution on

25  Count Two?

E8TTBOUP                         Plea

1          MR. LOCKARD:  Yes, your Honor.

2          THE COURT:  Okay.  Of course at the time you did that,

3    you said you knew it was against the laws of the United States,

4    right?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Now let's turn to Count Three where you're

7    pleading to the lesser included offense that you used and

8    carried -- you used and carried a firearm during and in

9    relation to the drug trafficking crime you just told me about.

10   So would you tell me what makes you say you're guilty of that

11   crime.  What did you do?

12         THE DEFENDANT:  Your Honor, during the commission of

13   this crime, namely during the negotiations of a shipment, I

14   knowingly carried a pistol.

15         THE COURT:  Okay.  Is the government satisfied with

16   the allocution on Count Three?

17         MR. LOCKARD:  Yes, your Honor.

18         THE COURT:  Okay.  So Mr. Rosenberg, do you agree that

19   there's a sufficient factual predicate for guilty plea on each

20   of these counts?

21         MR. ROSENBERG:  I do, your Honor.

22         THE COURT:  And I asked the government that and the

23   government said yes.

24         So Mr. Bouterse, how do you plead?  I will go one by

25   one.  First count, guilty or not guilty?

E8TTBOUP                        Plea

1              THE DEFENDANT:  Guilty, your Honor.

2              THE COURT:  And to the second count, guilty or not

3    guilty?

4              THE DEFENDANT:  Guilty.

5              THE COURT:  And to the lesser included offense that we

6    just spoke about of carrying that pistol in relation to the

7    drug crime, which is Count Three, how do you plead to Count

8    Three?

9              THE DEFENDANT:  Guilty, your Honor.

10             THE COURT:  Because you acknowledge that you are

11   guilty as charged in this indictment -- as charged with the one

12   exception of the lesser included offense in Count Three,

13   because you know your rights and are waiving those rights,

14   because your plea is entered knowingly and voluntarily and is

15   supported by an independent basis in fact containing each of

16   the essential elements of the offenses, I accept your guilty

17   plea to each offense and adjudge you guilty of those offenses

18   to which you pled guilty.

19             The next thing that happens is that the probation

20   office will prepare a presentence report which assists me in

21   sentencing you.  You will be interviewed by the probation

22   office.  It is important that the information you give the

23   probation officer be truthful and accurate.  The report is

24   important in my decision as to what your sentence will be.  You

25   and your attorneys have a right and will have an opportunity to

E8TTBOUP                        Plea

1   examine the report, challenge or comment upon it, and to speak

2   on your behalf at sentencing.  Do you understand that?

3                THE DEFENDANT:  Yes, your Honor.

4                THE COURT:  Have we selected a sentence date?

5                While we're looking up the date for the sentence --

6                MR. ROSENBERG:  Your Honor, may we have a date that is

7   sufficiently far out?  There's a lot of presentence work for us

8   to do that --

9                THE COURT:  We usually set 90 days.

10               MR. ROSENBERG:  I ask for 120 days, your Honor,

11  because much of the resources and materials are abroad, it's

12  going to require travel by counsel.

13               THE COURT:  Does the government have any objection to

14  picking a date four months from now?

15               MR. LOCKARD:  No, your Honor.

16               THE COURT:  January 6 at 4:30.  Sentence is scheduled

17  for January 6 at 4:30.

18               That's the sentence date.  Is there anything further

19  at this time?

20               MR. MIEDEL:  Your Honor, there was some discussion

21  about the possibility of an evidentiary hearing.

22               THE COURT:  That's true.

23               MR. MIEDEL:  If that's going to take place at a

24  sentence, 4:30 may not be the best time to do that.

25               THE COURT:  I wasn't thinking that would be at the

1    time of sentencing.  If we have a hearing, we will have a

2    hearing.  I need notice of that, and we'll schedule a hearing.

3    I didn't think there was any point of scheduling that unless

4    there was going to be a hearing.  If you want me to pick a

5    couple days in December to set aside for a hearing, I'm sure

6    things are slow in the end of December, I'm happy to pick two

7    days.

8              MR. MIEDEL:  I think that would be wise.

9              THE COURT:  Just to set it aside and hold on to it.

10   How about December 18 and 19, if needed?  December 18 and 19 I

11   could hold, if needed.

12             MR. ROSENBERG:  Fine, Judge.

13             THE COURT:  All right.  That's what I will hold.  18

14   and 19 for potential hearing, but I would like you folks to

15   stay in touch with me so I don't hold it unnecessarily.  So

16   that would be at 10 o'clock, both days, if needed.  I will put

17   down on the calendar, if needed, 10 o'clock both days.

18             Okay.  Anything further at this time?

19             MR. LOCKARD:  Nothing from the government, your Honor.

20             MR. ROSENBERG:  Nothing from the defense.

21             There's still some outstanding discovery matters that

22   we do need for our sentencing submissions, and I think the

23   government is on board with providing it, but we're still

24   awaiting that.

25             THE COURT:  If you need the assistance of the Court,

E8TTBOUP                          Plea

1    I'm sure you know how to get it.  Just call my chambers and ask

2    for a conference, but if you are getting everything you need,

3    you don't need the Court's help.

4              MR. ROSENBERG:  Thank you.

5              THE COURT:  Thank you.

6                              o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25