USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Edmund Quincy Muntslag,

Defendant.

13-cr-635 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Defendant Edmund Muntslag filed a motion seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

**I. Background**

Mr. Muntslag, a citizen of Suriname, was arrested on August 28, 2013, in Trinidad and on August 6, 2015, was extradited to the Southern District of New York. PSR at 3. The Government charged Mr. Muntslag's codefendant, Dino Bouterse, with three counts of attempt to provide material support to a foreign terrorist organization, conspiracy to import narcotics into the United States, and use of a destructive device during a drug-trafficking crime. S2 Indictment, Dkt. No. 17. Mr. Muntslag was charged only with Count Two, conspiracy to import narcotics into the United States in violation of 21 U.S.C. §§ 963, 959(c). *Id.* Mr. Bouterse pleaded guilty to all three counts and was sentenced by Judge Scheindlin on March 10, 2015, to a total of 195 months' imprisonment. Dkt. No. 51 at 50.

Mr. Muntslag maintained a plea of not guilty to Count Two and proceeded to trial, where he was ultimately convicted by a unanimous jury on March 22, 2016. This Court sentenced Mr. Muntslag on December 6, 2016. Mr. Muntslag's offense carried a statutory minimum of 120

months' imprisonment. 21 U.S.C. § 960(b)(1). The Court found by a preponderance of the evidence that the conspiracy "involved at least 100 kilograms of cocaine," resulting in an offense level of 34, Sentencing Tr. at 29, Dkt. No. 127, which was then adjusted up to an offense level of 36 because of the presence of firearms, *id.* at 40–41 (citing U.S.S.G. § 2D1.1(b)(1)). This resulted in a guidelines range of 188 to 235 months' imprisonment. *Id.* at 41.

The Court imposed a below-guidelines sentence of 135 months' imprisonment and 5 years' supervised release. *Id.* at 68; Judgment, Dkt. No. 137. In imposing sentence, the Court emphasized the "very serious offense" that Mr. Muntslag committed, which involved large quantities of cocaine, wide-reaching corruption, falsified IDs, and weapons, all of which warranted "a very substantial sentence." Sentencing Tr. at 64–65. Mr. Muntslag appealed his conviction and sentence to the Second Circuit, which affirmed this Court on all issues and issued a final mandate on April 30, 2019. *United States v. Bouterse*, 765 F. App'x 463 (2d Cir. 2019); Dkt. No. 144.

Mr. Muntslag is incarcerated at FCI Hazelton in West Virginia with a projected release date of March 2023. He made an administrative request for compassionate release to the warden, which was denied on June 9, 2021. Motion at 19, Dkt. No. 146.[1] Acting pro se, Mr. Muntslag on October 15, 2021, filed the present motion for compassionate release, which the Government opposes. Gov't Br., Dkt. No. 150. Mr. Muntslag filed a reply on January 11, 2022. Reply Br., Dkt. No. 159.[2]

[1] The Court cites Mr. Muntslag's motion as a continuously paginated document as it was filed on the public docket.

[2] Mr. Muntslag's reply was signed December 2, 2021, initially received by the Southern District of New York on December 21, 2021, and filed on the public docket by the Court on January 11,

## II. Discussion

Subsection 3582(c) of title 18 provides a limited exception to the rule that "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the First Step Act of 2018, 132 Stat. 5194, 5239, defendants may seek a sentence reduction in court after they have exhausted their administrative remedies or thirty days have lapsed from the receipt of a compassionate release request by the warden. *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020). Mr. Muntslag filed this motion well over 30 days after he submitted his administrative request to the warden, satisfying the exhaustion requirement.[3]

The Court first considers whether "extraordinary and compelling reasons warrant such a reduction [in sentence] . . . and that such a reduction is consistent with applicable policy

2022.

[3] The Government argues that Mr. Muntslag did not exhaust his request for release based on the risk posed by COVID-19. Gov't Br. at 15. The Court disagrees. Mr. Muntslag's request states that the Bureau of Prisons' responses to "the covid-19 pandemic have injured my physical and mental health" and that he "contracted corona virus" despite an extended lockdown. Gov't Br., Ex. 9 at 1. These statements are adequate to exhaust the issue. *Cf. Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally . . . ."). That is especially so where, as here, the warden's denial made no specific reference to *any* of Mr. Muntslag's grounds for release. Motion at 19.

statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Since the Second Circuit's decision in *Brooker*, courts are no longer bound by the policy statement in U.S.S.G. § 1B1.13 in deciding a defendant's motion under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020). The Court therefore looks to § 1B1.13 for guidance in the exercise of its discretion, but is free to consider other factors that might make a defendant's circumstances extraordinary and compelling.

Mr. Muntslag asserts four extraordinary and compelling reasons for release: (1) his risk of injury from infection by COVID-19; (2) the conditions of his pretrial incarceration; (3) his trial counsel's failure to request a downward departure at sentencing on the basis of the conditions of his pretrial incarceration; and (4) his rehabilitation while incarcerated. The Court concludes that none of these reasons satisfy the threshold requirement of § 3582(c)(1)(A).

**A. The harms presented by COVID-19**

This Court has found that the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals. *See, e.g.*, *United States v. Gross*, 452 F. Supp. 3d 26, 30 (S.D.N.Y. 2020). But the pandemic does not present extraordinary and compelling reasons for release of Mr. Muntslag, who is 38 years of age and identifies no underlying health condition that would put him at heightened risk of complications from COVID-19. *See United States v. Joseph*, No. 15-CR-95 (AJN), 2021 WL 4197241, at *2 (S.D.N.Y. Sept. 13, 2021); *United States v. Francisco-Ovalle*, No. 18-CR-526 (AJN), 2021 WL 123366, at *2 (S.D.N.Y. Jan. 13, 2021) (defendant is 42 "without underlying health conditions"); *United States v. Plummer*, No. 15-CR-95 (AJN), 2020 WL 3440548, at *2 (S.D.N.Y. June 23, 2020).[4]

[4] Mr. Muntslag's medical records diagnose a vitamin D deficiency, but this is not among the

Moreover, Mr. Muntslag claims that he has previously contracted and recovered from COVID-19,[5] which cuts against finding extraordinary and compelling circumstances. *United States v. Pena*, No. 18-CR-640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021). Further, safe and effective vaccines are now readily available to individuals in BOP custody. *See United States v. Mena*, No. 16 CR. 850 (ER), 2021 WL 2562442, at *3 (S.D.N.Y. June 23, 2021); *United States v. Kosic*, No. 18 CR. 30(PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021). Mr. Muntslag refused the vaccine when it was offered to him. Motion at 12; Gov't Br., Ex. 11. Whatever Mr. Muntslag's reasons for that refusal, his choice not to receive the vaccine cannot support his release. *United States v. Mack*, No. 19-CR-27 (PGG), 2021 WL 4148729, at *2 (S.D.N.Y. Sept. 13, 2021) ("In such instances, courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons.").

Mr. Muntslag also seeks relief based on the effects of the BOP's efforts to manage the spread of COVID-19 through, among other responses, lockdown and isolation measures. The Court acknowledges that the COVID-19 pandemic has altered the circumstances of incarceration. But lockdowns and isolation have become "relatively common practice at BOP prison facilities," Gov't Br. at 16, and so affect virtually all individuals incarcerated in federal facilities in the country. They therefore cannot, without a further showing of an individuated

---

conditions that may present a higher risk of serious complications from COVID-19. *See COVID-19 (Coronavirus Disease): People with Certain Medical Conditions*, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021).

[5] This diagnosis is not reflected in Mr. Muntslag's medical records, but the Court will presume the truth of this claim.

burden on Mr. Muntslag, provide an extraordinary and compelling basis for release. *See Francisco-Ovalle*, 2021 WL 123366, at *2; *United States v. Bush*, 17-CR-611 (AT), 2021 WL 3097417, at *3 (S.D.N.Y. Jul. 7, 2021) ("[A]lthough the Court is aware of the difficult conditions of [the defendant's] confinement, these universal conditions do not give rise to extraordinary and compelling circumstances."); *United States v. Hoey*, 15-CR-229 (PAE), 2021 WL 2689215, at *4 (S.D.N.Y. Jun. 30, 2021).

**B. The calculation of Mr. Muntslag's sentence**

Mr. Muntslag's second and third grounds address the soundness of his initial sentence. During his pretrial incarceration in Trinidad, Mr. Muntslag was housed in unsanitary, isolated, and otherwise harsh conditions. Motion at 6–10, 32–34 (sworn declaration). He argues that he has also faced unlawful conditions while in U.S. facilities, including a lack of medical attention to his mental condition and vitamin D deficiency. *Id.* Mr. Muntslag argues that these conditions he endured constitute extraordinary and compelling reasons for release now. Further, he argues that his trial counsel was constitutionally ineffective by failing to seek a downward departure under the Guidelines based on the conditions in Trinidad, which he again seeks to remedy with a present sentence reduction. *Id.* at 7–8 (citing, e.g., *United States v. Francis*, 129 F. Supp. 2d 612, 616–19 (S.D.N.Y. 2001)).

As a threshold matter, such arguments are inappropriate for a compassionate-release motion and instead must be raised in a motion under 28 U.S.C. § 2255, which Mr. Muntslag has forgone. *See United States v. Casiano*, No. 3:05CR195 (JBA), 2020 WL 4345104, at *4 (D. Conn. July 29, 2020) (concluding that challenges to the lawfulness of a conviction or sentence cannot be raised under a compassionate release motion but must be raised under § 2255); *see*

*also* 28 U.S.C. § 2255(f) (requiring that a motion be brought within 1 year of the defendant's conviction becoming final). In any event, Mr. Muntslag's claims do not justify the relief he seeks.

First, the Court granted Defense counsel's request to recommend that his time spent in pretrial incarceration be credited to his sentence. Sentencing Tr. at 49–50, 68; *see also* Judgment at 2. Second, Mr. Muntslag's sentencing submission described the "inhumane and deplorable conditions" to which he was subject in Trinidad, relying on the same U.S. State Department report that Mr. Muntslag cites in the present motion. Dkt. No. 112 at 6–7. The Court was persuaded by this basis for leniency and took into account "the harshness of the time he spent in prison in Trinidad pretrial" and its effect on his "mental state and mental well-being" in calculating Mr. Muntslag's sentence. Sentencing Tr. at 67. Indeed, Mr. Muntslag raised this same objection to his sentence on appeal. The Second Circuit found the Court adequately accounted for the harsh conditions in Trinidad. *Bouterse*, 765 F. App'x at 469. These matters, which the Court "already considered . . . as a mitigating factor when imposing the original sentence," do not constitute extraordinary or compelling reasons for release. *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 330–31 (S.D.N.Y. 2020); *see also United States v. Morales*, No. 10-CR-392-8 (CS), 2021 WL 3038650, at *2 (S.D.N.Y. July 14, 2021). Nor does Defense counsel's decision not to frame this argument for leniency as a formal downward departure under U.S.S.G. § 5K2.0(a) constitute ineffective assistance or justify Mr. Muntslag's early release.

Mr. Muntslag also argues that his sentence should be reduced because, although he did not accept responsibility at the time of his sentencing, he accepts responsibility now, justifying a 2-point reduction in his offense level. Motion at 13–14. The Court found that Mr. Muntslag did

not accept responsibility at the time of his sentencing, evidenced both by his decision to proceed to trial unlike his codefendant as well as his statements made at sentencing itself. Sentencing Tr. at 58, 66. While Mr. Muntslag's acceptance of responsibility now is welcome,[6] it does not justify a retroactive recalculation of his Guidelines range or present sufficiently extraordinary and compelling reasons for his release. *Cf. United States v. Taylor*, 475 F.3d 65, 70–71 (2d Cir. 2007) ("[T]he acceptance of responsibility adjustment 'will be based primarily upon pre-trial statements and conduct.'" (quoting U.S.S.G. § 3E1.1 cmt. 2)).[7]

**C. Mr. Muntslag's rehabilitation**

Nor does Mr. Muntslag's rehabilitation satisfy the threshold requirement of extraordinary and compelling circumstances. Mr. Muntslag's clean disciplinary record while incarcerated and his educational endeavors would weigh on an assessment of the § 3553(a) factors, but do not present extraordinary and compelling reasons for release. *See, e.g.*, *Morales*, 2021 WL 3038650, at *2 ("Making good use of one's time and obeying the rules in prison is not uncommon, and indeed is expected."); *United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("Finding the existence of extraordinary and compelling circumstances where a defendant has virtually no disciplinary record would expand the extremely narrow circumstances in which Congress permitted courts to award such relief to a remedy handed out as a matter of course especially when model prison conduct is expected."

---

[6] The Court does not doubt the sincerity of Mr. Muntslag's letter. *See* Motion at 75–77.

[7] Mr. Muntslag also argues that the Department of Justice's "arbitrary and capricious" denial of his request for a treaty transfer to Suriname justifies release. Motion at 3. But Mr. Muntslag was not entitled to such a transfer, which is reserved to the discretion of the Attorney General. *Yosef v. Killian*, 646 F. Supp. 2d 499, 506–09 (S.D.N.Y. 2009).

(cleaned up)); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

**D. Application of the § 3553(a) factors**

Even if Mr. Muntslag did identify a sufficiently extraordinary and compelling reason for release, that would satisfy only the first requirement for a sentence reduction. *United States v. Acosta*, No. 17-CR-712 (AJN), 2021 WL 2895840, at *2 (S.D.N.Y. July 9, 2021). Because this Court sentenced Mr. Muntslag, it is intimately familiar with how the § 3553(a) factors apply to his case. The Court concludes that a sentence reduction would be inconsistent with the factors in § 3553(a).

First, the Court considers the nature of Mr. Muntslag's offense and the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As the Court stated at sentencing, "Mr. Muntslag was convicted after trial of a very serious offense." Sentencing Tr. at 64. He was a "substantial member" in a conspiracy that intended to import "at least 100 kilograms of cocaine" into the United States and that did in fact "import 10 kilograms of that as part of a test run." *Id.* at 64–65. Mr. Muntslag engaged in the conspiracy with Mr. Bouterse, the son of the President of Suriname, and he used "substantial channels of government," corruption of a variety of personnel, and false documents to accomplish that task. *Id.* at 64. This ambitious conspiracy "unquestionably" warranted a "very substantial sentence." *Id.* at 65. A significant sentence was and is still necessary to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). These facts weigh heavily against granting relief. *See United States v. Fernandez*, No. 12-CR-844-9 (AJN), 2020 WL 3034799, at *3 (S.D.N.Y. June 5, 2020) (emphasizing that "Defendant played a significant role in trafficking a very large amount of

cocaine in a relatively short period of time”).

Second, the Court considers “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). At sentencing, the Court expressly referred to Mr. Bouterse’s 135-month sentence as a justification for imposing Mr. Muntslag’s below-guidelines sentence. Sentencing Tr. at 65–66. Mr. Bouterse remains incarcerated until August 2027, “meaning that an early release would create an arbitrary disparity.” *United States v. Thomas*, No. 13-CR-360 (AJN), 2021 WL 4095257, at *2 (S.D.N.Y. Sept. 8, 2021).

Notwithstanding Mr. Muntslag’s efforts toward rehabilitation, including his educational courses and lack of disciplinary infractions, the Court would conclude that, even if he presented an extraordinary or compelling reason for release, the weight of § 3553(a) factors counsel against release.

**III. Conclusion**

For the reasons articulated above, Mr. Muntslag’s motion for a sentence reduction is DENIED. This resolves docket numbers 145 and 146. The Clerk of Court is respectfully directed to mail a copy of this Memorandum Opinion and Order to Mr. Muntslag and note the mailing on the public docket.

SO ORDERED.

Dated: January 25, 2022
New York, New York

ALISON J. NATHAN
United States District Judge